IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,468

STATE OF KANSAS,
*Appellee*,

v.

JAMES FRANKLIN ATKISSON, JR.,
*Appellant.*

SYLLABUS BY THE COURT

1.

Except for a first time conviction, Jessica's Law requires a hard 25 life sentence for a defendant who is 18 years of age or older and convicted of the statutorily enumerated crime, which includes sex offenses.

2.

For a first time Jessica's Law conviction, K.S.A. 2013 Supp. 21-6627(d)(1) provides discretion to sentence a defendant under the Kansas Sentencing Guidelines Act if "the [sentencing] judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose departure."

3.

An appellate court reviews for abuse of discretion a district court's determination under K.S.A. 2013 Supp. 21-6627(d)(1) as to whether a defendant's mitigating circumstances are substantial and compelling reasons to depart from a hard 25 life sentence under Jessica's Law.

1

4.

A sentencing judge abuses discretion in deciding whether a defendant's mitigating circumstances are substantial and compelling reasons to depart under K.S.A. 2013 Supp. 21-6627(d)(1) when: (i) a ruling is based on an error of law; (ii) a ruling is based on an error of fact, i.e., substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based; or (iii) is arbitrary, fanciful, or unreasonable, i.e., no reasonable person would take the view adopted by the judge.

5.

A sentencing judge deciding whether there are substantial and compelling reasons to depart from Jessica's Law's hard 25 life sentence may consider evidence that might reasonably bear on the proper sentence for a particular defendant.

6.

On review, an appellate court should disregard characterizations of evidence that might reasonably bear on a defendant's sentence for a first time Jessica's Law conviction as "aggravating." The question is whether the evidence relates to the decision to be made, i.e., whether the mitigating circumstances advanced both exist and supply a substantial and compelling reason to depart from the hard 25 life sentence.

7.

When a discretionary decision requires fact-based determinations, a district court abuses its discretion when the decision is based on factual determinations unsupported by the evidence.

Review of the judgment of the Court of Appeals in an unpublished opinion filed March 31, 2017. Appeal from Anderson District Court; ERIC W. GODDERZ, judge. Opinion filed August 24, 2018.

Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed and the case remanded to the district court with directions.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Brandon L. Jones*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.:  James Franklin Atkisson, Jr. appeals for the second time a denial of his motion for downward departure from the hard 25 life sentence specified by Jessica's Law under K.S.A. 2013 Supp. 21-6627. This time, the district court denied the motion after concluding the mitigating circumstances asserted did not justify departure, based in part on information gleaned from a probable cause affidavit filed by the State with the initial complaint and from unsworn statements made by the victim's family at sentencing. A Court of Appeals panel affirmed. *State v. Atkisson*, No. 115,468, 2017 WL 1196821 (Kan. App. 2017) (unpublished opinion).

We agree with Atkisson that the district court abused its discretion by relying on factual determinations not properly established by an evidentiary record. We reverse the panel's decision, vacate the sentence, and remand the case to the district court for reconsideration of Atkisson's departure motion and resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

This is Atkisson's second appeal from decisions denying his motions to depart from Jessica's Law's hard 25 life sentence. The State initially charged Atkisson with two counts of raping a child under 14 years old. The State alleged these crimes occurred

between October 31 and November 1, 2013, in Anderson County. While those charges were pending, Atkisson faced related criminal exposure in neighboring Franklin County.

During a hearing in the Anderson County proceedings, Atkisson's counsel informed the court that a plea arrangement was possible. Counsel explained that in exchange for Atkisson pleading to one rape count, the State would agree to recommend that conviction be sentenced to a term of months under the revised Kansas Sentencing Guidelines Act, K.S.A. 2017 Supp. 21-6801 et seq., as a severity level 1 grid offense— rather than the otherwise applicable hard 25 life sentence under Jessica's Law. The other count would be dismissed. In addition, Franklin County authorities agreed not to file related charges if 12 months were added to the middle sentence in the grid-box that presumably would apply to the Anderson County conviction if the court followed the joint sentencing recommendation. The resulting sentence would be two months longer than the upper sentence in the grid box, but to get there would require the court to first depart downward from the hard 25 life sentence for the rape charge and then back upward to add the 12 months. There was no written plea agreement at this time, but the State acknowledged counsel accurately described the terms.

The district court questioned whether the down-then-up departure was permissible but said the parties could go forward with the deal. The court advised Atkisson it was not bound to depart and explained the life sentence penalty if the court decided not to follow the joint recommendation and sentenced him off grid. The court said it would allow Atkisson to withdraw his plea before sentencing if Atkisson changed his mind.

Atkisson acknowledged the grid sentence was only a request and that it was "up to [the court] to decide whether [he] receive[d] that plea bargain." He also understood the court could "ignore [his] attorney and the State and go ahead and sentence [him] to life in prison."

Atkisson pleaded no contest to one count of raping A.A.B., a child under 14 years old. As the factual basis for the plea, the State recited the following: (1) Atkisson had sexual intercourse with A.A.B. on October 31, 2013 or November 1, 2013; (2) Atkisson was 47 and A.A.B. was 13; (3) A.A.B. told law enforcement she had vaginal intercourse with him; and (4) Atkisson admitted the intercourse to police. Atkisson's counsel agreed this was the plea's factual basis. The court accepted the no contest plea and adjudged Atkisson guilty.

Atkisson filed a departure motion setting out the plea agreement. He noted the presentence investigation showed a criminal history score of G based on prior traffic and alcohol offenses. This placed the 186-month sentence sought by Franklin County authorities within the applicable severity-level 1 grid box range. The departure motion advised the court it could grant departure under K.S.A. 2013 Supp. 21-6627(d) because (1) this was Atkisson's first conviction for a sex offense, (2) he had no significant history of prior criminal history, and (3) the State did not object to the 186-month sentence.

At Atkisson's first sentencing hearing, the victim's father told the court he did not believe the requested sentence was enough given the respective ages. He said he had known Atkisson for 10 or 15 years and their daughters were friends. He speculated the sexual contact had been going on for years. He expressed concern there was misconduct with Atkisson's own daughter. The victim's aunt told the court the crime had negatively affected the victim's personality and behavior. Atkisson told the court he was "sorry for all this having to come this far." Neither the victim's family members nor Atkisson was sworn under oath as witnesses during this hearing.

The court imposed a hard 25 life sentence. It noted the factors for and against departure, and then stated, "Granted you have a limited criminal history and this may in

5

fact be your [first] sexual offense conviction, *but weighing those factors against the other items that the Court's indicated, the Court doesn't believe that a departure is justified in this case*." (Emphasis added.)

Atkisson appealed and a Court of Appeals panel vacated the sentence and remanded for resentencing in light of *State v. Jolly*, 301 Kan. 313, 342 P.3d 935 (2015). *Atkisson*, 2015 WL 6457797. It reasoned that "[t]he district court expressly stated it was 'weighing' the mitigating factors of Atkisson's limited criminal history and that this was his first sex offense against the facts that related charges occurred in multiple counties, this was not an isolated incident, and the age difference." 2015 WL 6457797, at *1.

At resentencing, the State again recommended Atkisson receive a dispositional departure to the grid and then be sentenced to 186 months' imprisonment. Atkisson joined that request, asking the court to consider his earlier departure motion. The court denied departure and imposed the hard 25 life sentence, explaining:

"[I]t appear[s] that what's been presented as far as mitigating circumstances in the motion are three different things. Number one, as the defendant['s] first conviction for a sex offense. Number two, that the defendant has no significant . . . prior criminal history. . . . And then number three, in addition, the State does not object to a sentence of a 186 months in this case. And I'm taking into account in that last factor, that the state is in agreement. . . . And I think first off, the first two factors the court listed, the sentencing guidelines take into account at least one of those. . . . [W]hether he's . . . severity 'A' all the way to 'I' is obviously determine[d] on whether or not he has any prior convictions. The court recognized that his criminal history score is a 'G'. The Court does recognize that this is his first conviction for a sex offense. In looking at the facts in this particular case, from review of the file, [the probable cause] affidavit that was originally filed and the statement of facts provided by the State at the time of the plea in this case, this is a situation in which the victim is a thirteen year old girl, at least at the time when the offense were reported. At the time offense was reported the defendant was 47 years old.

6

So, over thirty years her senior. At the time, the offense[s] were reported, *we['\]re not just talking one inciden[t] but several inciden[ts] that occurred over [a] period of time involving oral sex on more than one occasion and intercourse on more than one occasion. If you just look at just the [probable cause] affidavit . . . , it appears that it was oral sex at least four times and intercourse at least six times. There is a question as to whether or not it occurred in two different counties.* I think part of the plea agreement in this particular case was that, certain charges in another county were dismissed. *The way that the defendant was able to have contact with this girl, was because of the girl['\]s friendship with his own daughter. And during times when he was entrusted to give this girl a ride, that's when these incidences would occur.* And then finally we have what the defendant wrote in his PSI uh, he is now denying he has any memory of it.

"In the Court's opinion *in light of the facts of this particular case, mitigating circumstance that the Court reviewed, do not rise to the level of substantially compelling reasons to depart from the other wise[sic] mandatory sentence in this particular case*." (Emphases added.)

Atkisson again timely appealed.

*The Court of Appeals decision*

Atkisson argued the district court abused its discretion by failing to apply the *Jolly* framework in reaching its decision. See *Jolly*, 301 Kan. 313, Syl. ¶ 5 (A sentencing court ruling on a downward durational departure from the hard 25 life sentence for child sex offenses under Jessica's Law must first "review the mitigating circumstances without any attempt to weigh them against any aggravating circumstances. Then, in considering the facts of the case, the court determines whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence."). He claimed the district court improperly weighed the mitigating factors against aggravating factors and in the process relied on factual determinations—most of

7

which were taken from the probable cause affidavit—relating to uncharged conduct, dismissed counts, or otherwise unproven allegations.

Alternatively, Atkisson argued the court abused its discretion because there were substantial and compelling reasons to depart, citing the plea agreement, Atkisson accepting responsibility, and his minimal criminal history. He claimed the age difference the district court noted was not persuasive because it is inherent in the offense, i.e. it exists in every Jessica's Law case. See K.S.A. 2017 Supp. 21-6627(a)(1) (Jessica's Law applies when defendant is 18 or older and victim is less than 14). And he noted the aggravating circumstance of potential Franklin County charges "was already taken into account as part and parcel of the plea agreement."

A Court of Appeals panel affirmed. It reasoned the district court followed *Jolly* by reviewing the mitigating circumstances "without any expressed attempt to weigh them against any aggravating circumstances. . . . [T]hen [it] considered the facts of the case and the manner in which the crime was committed." *Atkisson*, 2017 WL 1196821, at *5. And after doing this, the district court "determined that the mitigating circumstances asserted . . . did not rise to the level of substantial and compelling reasons to depart from the mandatory sentence." 2017 WL 1196821, at *5.

The panel was unpersuaded by Atkisson's argument that the district court relied on unproven facts and his analogy to another Court of Appeals decision, *State v. Pulley*, No. 112,631, 2015 WL 5750477 (Kan. App. 2015) (unpublished opinion). 2017 WL 1196821, at *4. In *Pulley*, the district court erred by considering facts from a probable cause affidavit because those facts related to a dismissed charge. The *Atkisson* panel reasoned this did not happen in Atkisson's case because "[t]he facts alleged in the probable cause affidavit equally supported both counts of rape without any attempt to differentiate the separate charges." *Atkisson*, 2017 WL 1196821, at *4. It conceded the

district court's reference to crimes in two different counties went outside the facts supporting the crime of conviction but was dismissive of this explaining that while it

> "[t]echnically . . . went beyond the manner in which Atkisson carried out the crime of conviction. However, the fact . . . was an integral part of the plea agreement as the out-of-county charge not being filed was the basis for the addition of 12 months to Atkisson's sentence. Thus, the fact [he] committed offenses in two different counties certainly was part of 'the facts of the case' essential for the court to consider in deciding a departure motion according to *Jolly*." 2017 WL 1196821, at *5.

The panel concluded *Jolly* permits sentencing judges to consider information that might reasonably bear on the proper sentence—"'including [but not limited to] the manner or way in which an offender carried out the crime.'" 2017 WL 1196821, at *5. It also concluded a reasonable person could agree with the district court's conclusion that substantial and compelling reasons to depart did not exist. 2017 WL 1196821, at *5.

We granted Atkisson's timely petition for review. Jurisdiction is proper. See K.S.A. 20-3018(b) (providing for petitions for review of Court of Appeals decisions); K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decisions upon petition for review).

ANALYSIS

Although Atkisson launches multiple assaults on the district court's decision to deny departure, we focus on two questions: (1) whether the facts cited in the court's ruling were the type appropriate for consideration when determining if there were substantial and compelling reasons to depart; and (2) whether the court abused its discretion by relying on factual determinations unsupported by the evidence.

9

*Standard of Review*

Jessica's Law requires a hard 25 life sentence for a defendant who is 18 years of age or older and convicted of the statutorily enumerated crime which includes sex offenses. K.S.A. 2017 Supp. 21-6627(a)(1). But for a first time Jessica's Law conviction, a defendant may be sentenced under the Kansas Sentencing Guidelines Act if "the [sentencing] judge *finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure*." (Emphasis added.) K.S.A. 2017 Supp. 21-6627(d)(1). If substantial and compelling reasons to depart are determined to exist, then the defendant may be sentenced to the otherwise applicable term of months on the grid instead of an indeterminate life sentence. See K.S.A. 2017 Supp. 21-6804.

An appellate court reviews a district court's substantial and compelling reason determination for abuse of discretion. *Jolly*, 301 Kan. at 325. A district court abuses its discretion when: (1) a ruling is based on an error of law; (2) a ruling is based on an error of fact, i.e., substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based; or (3) is arbitrary, fanciful, or unreasonable, i.e., no reasonable person would take the view adopted by the judge. 301 Kan. at 325.

> "Generally, the trial court's decision is protected if reasonable persons could differ upon the propriety of the decision as long as [it] is made within and takes into account the applicable legal standards. *However, an abuse of discretion may be found if the trial court's decision goes outside the framework of or fails to properly consider statutory limitations or legal standards*." (Emphasis added.) *State v. Shopteese*, 283 Kan. 331, 340, 153 P.3d 1208 (2007).

Whether it is appropriate for the district court to consider particular facts in ruling on a departure motion is a question of law requiring the court to interpret K.S.A. 2017

10

Supp. 21-6627(d)(1). See *State v. Powell*, No. 115,457, 308 Kan. __, __ P.3d __ slip op. at 23 [this day decided] ("[W]hether a fact is beyond the district court's reach in a departure ruling is a question of law that turns on interpreting K.S.A. 2017 Supp. 21-6627[d][1]."); *State v. McCormick*, 305 Kan. 43, 48, 378 P.3d 543 (2016) (reviewing as a question of law whether the sentencing court erred by considering an aggravating factor when ruling on a departure motion).

*Facts Material to the Departure Determination*

Atkisson argues the district court improperly considered "aggravating factors" when discussing his age difference with the victim's and the circumstances surrounding the abuse stated in the probable cause affidavit. He does not explain what makes these "aggravating circumstances" rather than "the facts of the case" acknowledged as appropriate for sentencing courts' consideration. *Jolly*, 301 Kan. at 323-24.

We addressed a similar question in *Powell*, in which the defendant argued the district court improperly based its departure determination on aggravating circumstances when it considered the history of his prior sex crimes against another victim not connected to the convicted crime. We held the district court could consider those facts because they were material to the substantial and compelling reason determination as it showed the convicted offense was not an isolated incident but demonstrated his serially molesting of children in his household. *Powell*, slip op. at 24. Something is ""substantial"" if it is ""real, not imagined; something with substance and not ephemeral," while the term "'compelling' implies that the court is forced, *by the facts of a case*, to leave the status quo or go beyond what is ordinary."" *Jolly*, 301 Kan. at 323. *Jolly* instructs broadly:

11

"While [Jessica's Law] does not allow a weighing of aggravating factors against mitigating factors, *the facts of the case*—including any egregious ones—are essential for a judge to consider in deciding if a departure is warranted based on substantial and compelling reasons. Simply stated, a judge does not sentence in a vacuum. *The sentencing judge is to consider information that reasonably might bear on the proper sentence for a particular defendant, given the crime committed, including the manner or way in which an offender carried out the crime*. This includes those 'circumstances inherent in the crime and the prescribed sentence.' [Citation omitted.] Provided the sentence imposed is within the statutory limits, '"[i]t is the sentencing judge alone who determines the appropriate sentence to be imposed or other disposition of the case by exercising his or her best judgment, common sense, and judicial discretion *after considering all of the reports, the defendant's background, the facts of the case, and public safety*."'" (Emphasis added.) 301 Kan. at 323-24.

In addition, "The manner in which a crime is committed and the circumstances inherent in the crime *are not inevitably limited to the strict legal elements of the offense*." (Emphasis added.) *McCormick*, 305 Kan. at 50. Our decision in *Powell* makes clear that the sentencing court is not limited to focusing only on the facts surrounding the crime of conviction. *Powell*, slip op. at 25-26. The facts referenced by the district court in Atkisson's case fit neatly within that category of information: The age difference, the alleged multiple instances of abuse with the victim, the abuse occurring in multiple counties, and the abuse being facilitated by Atkisson's position of trust in the victim's life. All relate to how he committed the crime of conviction and the circumstances inherent in the crime. The repeated abuse in particular shows the crime was part of a course of conduct, rather than an isolated incident. And these particular facts are relevant to the departure determination because they rebut Atkisson's mitigation claim based on his presentence investigation report that he had no significant criminal history.

On review of a district court's denial of a departure motion, we disregard characterizations of evidence that might reasonably bear on the sentence for a defendant's

first time Jessica's Law conviction as "aggravating." Instead, "[t]he real question becomes whether the evidence bears on the decision to be made, i.e., whether the mitigating circumstances advanced both exist and supply a substantial and compelling reason to depart from the hard 25 life sentence." *Powell*, slip op. at 26.

We hold the matters referenced by the district court are within the class of facts the *Jolly* framework contemplates a district court may consider in a case like Powell's when determining whether there are substantial and compelling reasons to depart. The district court did not abuse its discretion by considering immaterial subject matter in ruling on the departure motion.

We next determine whether the district court erred by relying on these factual determinations if they were unsupported by evidence.

*Source of the Facts Relied on When Determining Departure*

Based on *Pulley*, 2015 WL 5750477, Atkisson argues the district court erred when it considered claims alleged in the probable cause affidavit because the underlying facts were not established by admission or at trial. A related problem arises to the extent the district court considered facts alleged in unsworn statements from the victim's family.

We agree the district court abused its discretion because the determination to deny departure was based on facts unsupported by the evidence. See *State v. Gonzalez,* 290 Kan. 747, 757, 234 P.3d 1 (2010) ("When a discretionary decision requires fact-based determinations, a district court abuses its discretion when the decision is based on factual determinations not supported by the evidence."); *Jolly*, 301 Kan. at 325 (quoting *Gonzalez*, 290 Kan. at 757).

13

It is helpful to return to what the district court said it was relying on to deny Atkisson a departure and the source for those facts.

- From the agreed factual basis for the plea, the court noted the age difference between Atkisson and his victim.

- From the probable cause affidavit filed with the initial complaint, the court noted the following: (1) "we[']re not just talking one inciden[t] but several inciden[ts] that occurred over [a] period of time involving oral sex on more than one occasion and intercourse on more than one occasion. If you just look at the [probable cause] affidavit . . . , it appears it was oral sex at least four times and intercourse at least six times"; (2) "There is a question as to whether or not it occurred in two different counties"; and (3) the abuse occurred "during times when he was entrusted to give this girl a ride, that's when these incidences would occur."

- From both the probable cause affidavit and the father's unsworn statement, the court noted Atkisson was able to have contact with the victim because of her friendship with Atkisson's daughter.

- From the presentence investigation report, the district court noted Atkisson was now denying any memory of the abuse.

The panel dismissed Atkisson's argument that the factual determinations were based on a probable cause affidavit by noting their subject matter was relevant. *Atkisson*, 2017 WL 1196821, at *4 ("The *Jolly* decision specifically allows the district court to consider the facts of the case and the manner in which the defendant committed the crime when addressing a departure motion under Jessica's Law."). But that is not what we are

14

concerned with at this point because we have already concluded the subject matter was appropriate to consider in this case. The problem is the panel failed to explain why it would be permissible to gather those otherwise material facts from outside of an evidentiary record.

The State did not try to have the probable cause affidavit admitted into evidence for sentencing purposes. See, e.g., K.S.A. 2017 Supp. 60-460(b) (providing exception to hearsay rule for "[a]ffidavits, to the extent admissible by the statutes of this state"). The district court also referenced Atkisson's position of trust in the victim's life, but that notion appears to be supported only by the father's unsworn statement at the sentencing hearing. See K.S.A. 60-418 ("Every witness before testifying shall be required to express his or her purpose to testify by the oath or affirmation required by law."). And the State did not call the victim's father as a witness under oath at the sentencing hearing, subject to cross-examination, to establish how Atkisson committed the offense. But see *State v. Parks*, 265 Kan. 644, 649, 962 P.2d 486 (1998) (noting victim impact statements could be used by sentencing judge in assessing extent of harm caused by defendant's conduct; and although statement contained information not bearing on that, record did not show court improperly considered it).

Atkisson's analogy to *Pulley* is persuasive. In *Pulley*, defendant pleaded guilty on a factual basis that did not include the same details the sentencing court relied on. The *Pulley* court observed those facts came from the probable cause affidavit and surmised they appeared there to support a charge that was dismissed with the plea agreement. The *Pulley* panel held it was improper to consider those facts because they had not been established by admission or trial, and there was no other evidence to support them. *Pulley*, 2015 WL 5750477, at *6. In Atkisson's case, neither the probable cause affidavit nor the victim's father's statements were offered or admitted as evidence.

15

We noted in *Powell* that the sentencing court correctly denied a Jessica's Law departure motion when it considered evidence presented at the sentencing hearing in the form of sworn testimony subject to cross-examination that showed defendant had previously engaged in uncharged molestation of an additional child victim. *Powell*, slip op. at 29. In contrast, many circumstances cited by the district court considering Atkisson's departure were drawn from sources outside the evidentiary record.

We hold the district court abused its discretion by exercising it based on an error of fact. The facts drawn from the probable cause affidavit and the victim's father's unsworn statement at sentencing were unsupported by evidence in the record. And, as seen by the ruling, those facts carried significance with the district court.

Our disposition makes it unnecessary to consider Atkisson's final argument that the district court abused its discretion because no reasonable person would have taken the view adopted by the district court.

We reverse the Court of Appeals decision, vacate Atkisson's sentence, and remand the case to the district court for reconsideration of the departure motion and resentencing.

* * *

BEIER, J., concurring:  I concur in the result reached by the majority today and in its rationale, subject to the same limitation I described in my concurrence in *State v. Powell*, 308 Kan. __, __ P.3d __ (this day decided).

NUSS, C.J., and JOHNSON, J., join the foregoing concurring opinion.

16