NOT DESIGNATED FOR PUBLICATION

No. 120,614

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES AARON ABBOTT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DEBORAH HERNANDEZ MITCHELL, judge. Opinion filed March 20, 2020. Sentence vacated and case remanded with directions.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., POWELL, J., and LAHEY, S.J.

PER CURIAM: James Abbott appeals the district court's denial of his motion for a departure sentence and its imposition of concurrent Hard 25 sentences under Jessica's Law. Abbott argues the district court improperly considered facts not in evidence and impermissibly weighed aggravating factors against mitigating factors when it denied his motion. Because the district court's rationale leaves substantial doubt as to whether it followed Kansas Supreme Court precedent when considering Abbott's request for a departure, we must vacate Abbott's sentence and remand for reconsideration of his departure motion under the proper legal standard.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Abbott with two counts of aggravated indecent liberties, aggravated criminal sodomy, aggravated indecent liberties with a child, and two counts of criminal sodomy for conduct that occurred between 2009 and 2014. Abbott pleaded guilty to one count of aggravated indecent liberties and one count of aggravated criminal sodomy. The aggravated indecent liberties charge was based on an incident occurring between March 2, 2009 and March 1, 2010, when Abbott sexually abused a young girl. The aggravated criminal sodomy charge was based on an incident occurring between January 12, 2012, and January 11, 2014, when Abbott forced a boy to perform sex acts on him. The State dismissed the remaining charges and agreed to recommend that the two off-grid counts run concurrently at sentencing.

Before his sentencing hearing, Abbott filed a motion for departure from the mandatory minimum sentences of life without the possibility of parole for 25 years, requesting a prison sentence under the Kansas Sentencing Guidelines of 247 months. Due to the range of dates associated with Abbott's offenses, the statutory authority for his departure motion included K.S.A. 21-4643(d)(1), K.S.A. 2011 Supp. 21-6627(d)(1), K.S.A. 2012 Supp. 21-6627(d)(1), and K.S.A. 2013 Supp. 21-6627(d)(1). The relevant provisions of these statutes are virtually identical, directing that "the sentencing judge shall impose the mandatory minimum term of imprisonment . . . unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." K.S.A. 2013 Supp. 21-6627(d)(1). In support of his request, Abbott cited his limited criminal history and his acceptance of responsibility for his crimes as substantial and compelling factors that he believed justified a departure.

Abbott did not address the court at sentencing, but his attorney again asked the court for a departure sentence in light of Abbott's limited criminal history, his acceptance

of responsibility, and his decision to plead guilty, thus sparing the victims, the State, and the court from the burden of a trial. The mothers of the victims (one of whom was Abbott's sister) also addressed the court at the sentencing hearing. The mothers generally expressed their disgust with Abbott's actions, described the unspeakable, life-long trauma he inflicted upon their children, and asked the court to sentence him to the maximum possible sentence. The State argued against Abbott's departure motion and requested the presumptive sentences—running the two counts concurrently and thus allowing for the possibility of parole after 25 years in prison.

The district court stated it had considered all the required factors and, finding no substantial and compelling reasons for a departure, denied Abbott's motion. The State then asked the court to clarify its ruling. The district court granted this request and explained its ruling, addressing Abbott:

> "I have reviewed your motion for . . . durational departure, and I do not consider—I am to look to substantial and compelling reasons to determine whether or not you have provided the Court with those reasons in order to depart from what the sentencing guidelines say I am to give you. And although you'd have a minimal criminal history, I mean almost none, the impact that your actions had on the lives of your victims is too substantial for me to look at the fact that—that you didn't have any criminal history. This was your family, it's your nieces and nephews, they were children, and you took advantage of them and you will impact them, what you did will impact them the rest of their life, and as a result you have forfeited your opportunity to live in a free society. So, I do not feel that the reasons that your attorney has articulated today meet the level of substantial and compelling that gives a basis for a departure. Therefore, your departure is denied."

Abbott now appeals, claiming the district court failed to comply with Kansas Supreme Court precedent when it denied his departure request.

3

Appellate courts review a district court's determination on whether to grant a departure sentence in a Jessica's Law case for an abuse of discretion. *State v. Jolly*, 301 Kan. 313, 324-25, 342 P.3d 935 (2015). "'A district court abuses its discretion when: (1) no reasonable person would take the view adopted by the judge; (2) a ruling is based on an error of law; or (3) substantial competent evidence does not support a finding of fact on which the exercise of discretion is based.'" 301 Kan. at 325.

Generally, this court will not disturb the district court's denial of a departure sentence when it follows the correct legal analysis. But a court abuses its discretion when it deviates from the required legal framework or fails to properly consider statutory limitations. *State v. Powell*, 308 Kan. 895, 903, 425 P.3d 309 (2018). The party alleging an abuse of discretion bears the burden of proving it. 308 Kan. at 910-11. Appellate courts do not reweigh the evidence, assess the credibility of the witnesses, or resolve evidentiary conflicts. *State v. Reed*, 300 Kan. 494, 499, 332 P.3d 172 (2014).

Jessica's Law provides a presumptive Hard 25 sentence—lifetime imprisonment without the possibility of parole for 25 years—for a defendant who is 18 or older and convicted of certain sex offenses. K.S.A. 2019 Supp. 21-6627(a)(1). When the conviction is the defendant's first conviction for an offense listed in section (a)(1), K.S.A. 2019 Supp. 21-6627(d)(1) grants the district court the discretion to instead sentence the defendant under the Kansas Sentencing Guidelines Act if the court "finds *substantial and compelling reasons, following a review of mitigating circumstances*, to impose a departure." (Emphasis added.) K.S.A. 2019 Supp. 21-6627(d)(1).

The Kansas Supreme Court has emphasized the unique nature of K.S.A. 21-6627, which unlike other sentencing statutes, makes no provision for considering aggravating factors. *State v. McCormick*, 305 Kan. 43, 49, 378 P.3d 543 (2016). This is because

Jessica's Law only operates to intensify a sentence—"Simply put, there is nowhere to go but to a less-intense place." *State v. Spencer*, 291 Kan. 796, 809, 248 P.3d 256 (2011). In *Jolly*, the court spelled out the proper steps a district court must follow when considering a departure motion in a Jessica's Law case:

> "While [Jessica's Law] does not allow a weighing of aggravating factors against mitigating factors, the facts of the case—including any egregious ones—are essential for a judge to consider in deciding if a departure is warranted based on substantial and compelling reasons. Simply stated, a judge does not sentence in a vacuum. The sentencing judge is to consider information that reasonably might bear on the proper sentence for a particular defendant, given the crime committed, including the manner or way in which an offender carried out the crime. This includes those 'circumstances inherent in the crime and the prescribed sentence.' . . .
>
> . . . .
>
> ". . . [T]he proper statutory method when considering a departure from a Jessica's Law sentence is for the district court *first to review the mitigating circumstances without any attempt to weigh them against any aggravating circumstances. Then, in considering the facts of the case, the court determines whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence*. Finally, if substantial and compelling reasons are found for a departure to a sentence within the appropriate sentencing guidelines, the district court must state on the record those substantial and compelling reasons." (Emphasis added.) 301 Kan. at 323-24.

The Kansas Supreme Court has repeatedly reemphasized that the weighing of aggravating factors against mitigating factors is verboten. *State v. Atkisson*, 308 Kan. 919, 927-28, 425 P.3d 334 (2018); *Powell*, 308 Kan. at 905; *McCormick*, 305 Kan. at 49-50. But the second step—consideration of "facts of the case" to determine if the proposed mitigators are substantial and compelling—has seemingly created grounds for confusion among district courts.

5

Subsequent cases have included additional caveats and instructions for district courts to heed when ruling on Jessica's Law departure motions. In *McCormick*, the Kansas Supreme Court explained "[t]he manner in which a crime is committed and the circumstances inherent in the crime are not inevitably limited to the strict legal elements of the offense." 305 Kan. at 50. This allowance in the performance of the second step was further explained in *Powell*, where the Supreme Court held that "*Jolly* does not limit the type of evidence a district court may consider in determining whether departure is warranted, but *only limits the manner in which the district court makes its decision*." (Emphasis added.) *Powell*, 308 Kan. at 914.

*Powell* also clarified that a district court is not affirmatively required to explain its rationale when denying a departure request at sentencing. That is, a court's failure to analyze on the record a departure request under the *Jolly* framework is not in and of itself reversible error. *Powell*, 308 Kan. at 908. Our Supreme Court proceeded to warn that while "it is laudable for district courts to explain the reasons for their rulings, those explanations are voluntary and [inject] opportunity for challenge based on our language from *Jolly* and *McCormick*." *Powell*, 308 Kan. at 909.

Finally, in *Atkisson* the Supreme Court noted that a district court abuses its discretion when deciding a departure motion under K.S.A. 2017 Supp. 21-6627(d)(1) if it relies on facts that are outside the evidentiary record or are unsupported by the evidence. *Atkisson*, 308 Kan. at 930-31.

Abbott argues the district court abused its discretion in two ways when it denied his departure motion. He claims the district court made an error of law by weighing aggravating factors against his asserted mitigating factors, in direct conflict with the Kansas Supreme Court's decision in *Jolly*. He also asserts the district court's departure analysis was based on evidence outside the evidentiary record.

1. *The district court's explanation of its departure analysis does not comply with the framework set forth by the Kansas Supreme Court in* Jolly *and its progeny.*

As noted above, the Kansas Supreme Court has held that the *Jolly* framework does not necessarily limit the type of evidence a district court may consider, but it mandates an analytical process by which a court evaluates a requested departure. *Powell*, 308 Kan. at 914. Abbott argues the explanation provided by the district court—at the State's request—shows the court did not employ the appropriate analysis.

Kansas law requires a district court considering a departure motion in a Jessica's Law case to impose the mandatory minimum sentence of life imprisonment without the possibility of parole for 25 years unless it "finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." K.S.A. 2019 Supp. 21-6627(d)(1). The Kansas Supreme Court has interpreted this statute to require the sentencing court to first examine the proposed mitigating factors without weighing them against any aggravating factors. The court then proceeds to consider "the facts of the case" to determine whether those mitigating factors are substantial and compelling. *Jolly*, 301 Kan. at 323-24.

Applying this framework to the facts here, *Jolly* directed the district court to first examine the mitigating factors argued by Abbott in his departure motion—his lack of criminal history and acceptance of responsibility—without balancing them against any other considerations. Then, to determine whether those proposed mitigators were substantial and compelling, the district court was required to "consider information that reasonably might bear on the proper sentence for a particular defendant, given the crime committed, including the manner or way in which an offender carried out the crime." 301 Kan. at 324.

The district court may have performed this analysis below. But when called on by the State to explain the rationale for its denial, the district court stated the impact of

Abbott's crimes on his victims prevented it from even considering his asserted mitigating factors:

> "And although you'd have a minimal criminal history, I mean almost none, *the impact that your actions had on the lives of your victims is too substantial for me to look at the fact that—that you didn't have any criminal history*. This was your family, it's your nieces and nephews, they were children, and you took advantage of them . . . what you did will impact them the rest of their life, and as a result you have forfeited your opportunity to live in a free society." (Emphasis added.)

This reasoning is at odds with Kansas Supreme Court caselaw directing the proper method for evaluating a departure motion in a Jessica's Law case. Here, the district court proclaimed that the negative facts of the case were too substantial to allow any consideration of the mitigators Abbott alleged. Under *Jolly*, this was an error of law.

In *Powell*, the Kansas Supreme Court outlined three categories of reversible error in Jessica's Law departure cases: (1) where the sentencing court expressly refers to aggravating factors when ruling; (2) where the court describes its ruling as a product of weighing without referring to aggravating facts; and (3) where the record does not affirmatively show that the district court followed the *Jolly* framework. *Powell*, 308 Kan. at 906-07. The case at hand falls into the third category because the district court's explanation does not instill confidence that it appropriately followed the *Jolly* analysis. Accord *McCormick*, 305 Kan. at 50-51 (where the Kansas Supreme Court reversed because it was not "wholly confident that the statutory command not to conduct weighing . . . was followed"). Thus, Kansas Supreme Court precedent impels this court to vacate the district court's ruling on Abbott's departure motion and remand for resentencing.

We recognize that some may regard today's holding as one valuing form over substance. See *McCormick*, 305 Kan. at 53 (Stegall, J., dissenting) (criticizing *Jolly* and its progeny for requiring reversal when courts employ the correct statutory analysis but

8

"simply use[] the 'wrong' words"). And we acknowledge the oddity that the district court here may have avoided this procedural pitfall had it heeded the Kansas Supreme Court's warning in *Powell*. 308 Kan. at 909 ("[I]t is laudable for district courts to explain the reasons for their rulings, [but] those explanations are voluntary and [inject] opportunity for challenge based on our language from *Jolly* and *McCormick*."). But lower courts are bound by Kansas Supreme Court precedent. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). Thus, district courts considering departure motions in cases involving Jessica's Law must follow the statutory framework, as articulated by *Jolly*—first considering the proposed mitigating factors, and then determining whether those factors are substantial and compelling in light of the facts of the case.

Finally, in reaching our decision today, we emphasize that the soundness of the district court's ultimate conclusion—that a departure sentence is unwarranted—is not before us. After reviewing the proposed mitigating factors in the manner *Jolly* prescribes, the court may indeed reach the same conclusion it has here. But because the district court's rationale leaves substantial doubt as to whether the court followed the *Jolly* mandate when considering Abbott's request for a departure, Kansas Supreme Court precedent demands that we vacate Abbott's sentence and remand for reconsideration of his departure motion under the proper legal standard.

2. *Because we remand for resentencing, we do not decide whether the district court abused its discretion by considering the statements of the victims' mothers when it considered Abbott's motion for a departure sentence.*

Because Abbott pleaded guilty before this case went to trial, the only facts in evidence were those Abbott admitted on the record during his plea hearing. Abbott asserts the district court, in denying his departure request, improperly relied on two factual circumstances never discussed at that hearing—the impact of his crimes on his victims and the fact that the victims were his family members. The State argues these circumstances were inherent to the crimes and fair for the district court to consider.

9

In *Atkisson*, the defendant pleaded no contest to a Jessica's Law offense. The district court denied the defendant's motion for a departure sentence—a motion contemplated by both the defendant and the State as part of the plea—relying on facts gleaned from a probable cause affidavit and unsworn statements made by the victim's family at sentencing. 308 Kan. at 930. In particular, the court observed that although the defendant had been convicted of only one offense, the probable cause affidavit indicated circumstances "'involving oral sex on more than one occasion and intercourse on more than one occasion'" and "'occurred in two different counties.'" 308 Kan. at 923. The court also explained it was swayed by "'[t]he way that the defendant [had] contact with this girl,'" who was a friend of his own daughter. 308 Kan. at 923. None of these facts was part of the factual basis for the defendant's plea or otherwise in evidence. The Kansas Supreme Court thus reversed and remanded for resentencing because this information was "drawn from sources outside the evidentiary record." 308 Kan. at 931.

We question whether the two facts Abbott highlights here—the impact of his crimes on the victims (who were both under 14 years of age) and the victims' relationship to Abbott—are of the same nature as those the court discussed in *Atkisson*. After all, the traumatic impact sexual abuse has on a child victim is a fact inherent in Jessica's Law. This was not a matter that required evidentiary development before being considered by the sentencing court. See *Jolly*, 301 Kan. at 324 (sentencing court considering departure motion in a Jessica's Law case must consider, among other factors, "'circumstances inherent in the crime'"). And although the relationship between Abbott and his victims was not specifically discussed at the plea hearing, courts may take judicial notice of familial relationships. See K.S.A. 60-409(b)(4). At the same time, there is no question that the better practice is for parties to formally offer into evidence at sentencing any matter they believe the district court should consider—whether a victim's sworn affidavit or testimony, a probable cause affidavit, or other information relevant to a district court's determination. See *Atkisson*, 308 Kan. at 930-31.

We have already determined Abbott's sentence must be vacated and the case remanded for reconsideration of his departure motion in light of the *Jolly* framework. We decline to opine further on the specific language the district court used in its explanation of its now-vacated ruling. Accord *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016) ("Kansas courts do not issue advisory opinions."). Instead, we merely direct the court and the parties to conduct any further sentencing proceedings in accordance with Kansas Supreme Court precedent.

Sentence vacated and case remanded with directions.