NOT DESIGNATED FOR PUBLICATION

No. 122,024

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN A. MCELROY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; JEFFREY GETTLER, judge. Opinion filed January 22, 2021. Affirmed.

*Jennifer C. Bates*, of Kansas Appellate Defender Office, for appellant.

*Kurtis Wiard*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., POWELL, J., and MCANANY, S.J.

PER CURIAM: Steven McElroy appeals his off-grid sentence, arguing the district court abused its discretion when it denied his motion for a downward durational departure without considering K.S.A. 2019 Supp. 21-6601. We find the district court's decision was within the discretion permitted by Kansas law and affirm.

In September 2018, the State charged McElroy with two counts of rape of a child under 14 years old, under K.S.A. 2018 Supp. 21-5503(a)(3), and two counts of endangering a child. McElroy pleaded no contest to all charges against him.

1

Each rape conviction was an off-grid felony carrying a presumed hard 25 sentence—lifetime imprisonment with no possibility of parole for 25 years. See K.S.A. 2019 Supp. 21-5503(b)(2); K.S.A. 2019 Supp. 21-6627(a)(1)(B). Before sentencing, McElroy filed a motion for a downward durational departure. He argued that several mitigating factors justified a lesser sentence, including his lack of a substantial criminal history, his decision to enter a plea and to forego a preliminary hearing, and the age of the victim (who was two months away from turning 14 when the offenses occurred). McElroy also noted that his plea did not result in the dismissal of any charges against him.

At the September 2019 sentencing hearing, Seth Wescott, the director of a private sexual offender treatment program, described administering assessments to evaluate McElroy's sexual risk and treatment needs. McElroy demonstrated a below-average intelligence, an average risk to reoffend, and a sexual recidivism probability between 4.8% and 6.5% over the next five years, though that probability would decrease over time. Aggregating multiple assessments, that probability ranged between 3% and 9.1% over the next three years. After hearing arguments, the court denied McElroy's motion for a departure, explaining that while his minimal criminal history, guilty plea, and level of intelligence supported a departure, they did not constitute substantial and compelling reasons to depart from the presumed sentence under Kansas law. The court imposed a hard 25 sentence for each rape offense, to be served concurrently. McElroy now appeals that sentence.

Under K.S.A. 2019 Supp. 21-6627(d)(1)—commonly known as Jessica's Law—a court must impose a mandatory sentence of life imprisonment for certain charges, including rape, unless mitigating factors give rise to substantial and compelling reasons to depart from this directive. Appellate courts review a district court's assessment as to whether mitigating factors justify a departure for an abuse of discretion. *State v. Atkisson*, 308 Kan. 919, Syl. ¶ 3, 425 P.3d 334 (2018). A court abuses its discretion when no

reasonable person would agree with the court's decision or when the decision is based on a mistake of fact or law. 308 Kan. 919, Syl. ¶ 4.

McElroy acknowledges this directive but argues that the district court erred when it denied his departure motion without considering the overarching policy goals regarding punishment and sentences discussed in K.S.A. 2019 Supp. 21-6601. That statute instructs that Kansas sentencing statutes

"shall be liberally construed to the end that persons convicted of crime shall be dealt with in accordance with their individual characteristics, circumstances, needs and potentialities as revealed by case studies; that dangerous offenders shall be correctively treated in custody for long terms as needed; and that other offenders shall be dealt with by probation, suspended sentence, fine or assignment to a community correctional services program whenever such disposition appears practicable and not detrimental to the needs of public safety and the welfare of the offender, or shall be committed for at least a minimum term within the limits provided by law." K.S.A. 2019 Supp. 21-6601.

McElroy asserts that if the district court had heeded the principles of K.S.A. 2019 Supp. 21-6601, it would have granted his departure motion. We find this argument unpersuasive. K.S.A. 2019 Supp. 21-6601 states general policy aims, with more specific directives included throughout the Kansas sentencing statutes. Thus, contrary to McElroy's claim on appeal, the district court implicitly considered the policy goals of K.S.A. 2019 Supp. 21-6601 because the structure of Jessica's Law incorporates those principles.

Jessica's Law presumes a hard 25 sentence will be imposed when a defendant commits certain sex offenses involving minors, reflecting a legislative presumption that those who commit such crimes pose a danger to society and should receive a harsh punishment. See *State v. Woodard*, 294 Kan. 717, 722, 280 P.3d 203 (2012) (given sex offenders' higher risk to reoffend, the State has a particularly compelling interest in

incarcerating offenders to protect children); *State v. Spencer*, 291 Kan. 796, 809, 823-24, 248 P.3d 256 (2011) (noting legislative intent to punish and incapacitate offenders and that unlike other sentencing statutes, which permit upward and downward departures, a hard 25 sentence is a maximum sentence with no place to depart but down). By permitting a court to impose a lesser sentence when mitigating circumstances give rise to substantial and compelling reasons for a departure, the statute also recognizes that— consistent with the legislature's statement in K.S.A. 2019 Supp. 21-6601—a case's unique circumstances may warrant a more lenient sentence.

Thus, the principles of K.S.A. 2019 Supp. 21-6601 are inherent in Jessica's Law. At least one other panel of our court has reached the same conclusion. See *State v. White*, No. 120,719, 2020 WL 1897338, at *2-3 (Kan. App. 2020) (unpublished opinion) (noting that K.S.A. 2019 Supp. 21-6601 announces a general policy statement and does not abandon the retributive and incapacitative purposes of punishment and that Jessica's Law governs as a more specific statute), *petition for rev. filed* June 15, 2020; see also *State v. Forrest*, No. 120,604, 2020 WL 5739715, at *3 (Kan. App. 2020) (unpublished opinion) (noting argument but finding district court examined all mitigating factors before denying departure), *petition for rev. filed* October 26, 2020; *State v. Rogers*, No. 120,353, 2020 WL 1313809, at *3-4 (Kan. App.) (unpublished opinion) (declining to address argument for the first time on appeal), *rev. denied* 312 Kan. ___ (September 30, 2020).

While the court denied McElroy's departure motion, that denial does not indicate a failure to apply the sentencing principles included in K.S.A. 2019 Supp. 21-6601 or the other Kansas sentencing statutes. And reasonable people could disagree about whether McElroy presented substantial and compelling reasons to depart from the presumed sentence under Kansas law. Under these circumstances, the district court did not abuse its discretion when it denied McElroy's motion for a downward durational departure.

Affirmed.

4