NOT DESIGNATED FOR PUBLICATION

No. 122,931

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEFFREY HENDRICKSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; DANIEL D. GILLIGAN, magistrate judge. Opinion filed April 23, 2021. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Valerie D. Hansen*, assistant district attorney, *Thomas Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., POWELL and CLINE, JJ.


PER CURIAM: Jeffrey Hendrickson appeals his conviction of violation of a protection from abuse (PFA) order. He argues there was insufficient evidence to establish he "knowingly" violated the PFA order, one of the requirements for conviction under K.S.A. 2019 Supp. 21-5924(a)(1). Since the record reveals sufficient evidence to support Hendrickson's conviction, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In August 2019, the district court held a hearing on Meghan Hendrickson's petition for a PFA order against her ex-husband, Hendrickson. Hendrickson was present at the hearing. The court granted Meghan a final PFA order against Hendrickson, which also protected their two common children, C.H. and A.H. A provision in the PFA order prohibited Hendrickson from entering the children's school premises. The PFA order was effective from August 2, 2019, to August 2, 2020. The deputy clerk served Hendrickson with a copy of the PFA order on August 5, 2019, by jail mail.

On September 5, 2019, Meghan and her sister, Sarah, attended A.H.'s volleyball game at her middle school. They noticed Hendrickson was also in attendance, so Sarah contacted the police to report Hendrickson's violation of the PFA order. Hendrickson was arrested and charged with one count of violation of a protective order, a class A person misdemeanor, in violation of K.S.A. 2019 Supp. 21-5924(a)(1), (b)(1).

At Hendrickson's bench trial, both Sarah and Meghan testified about Hendrickson's presence on school grounds at the volleyball game. One of the arresting officers, Officer Wesley Vaughn, testified about his communication with Hendrickson at the scene. Officer Vaughn testified that when he told Hendrickson he was going to have to arrest him because he violated the PFA order, Hendrickson said it was worth getting arrested to see his daughter again. Hendrickson did not testify at the hearing, nor did he present any evidence.

At the conclusion of the bench trial, the district court found Hendrickson guilty of violating the PFA. In making its ruling, the court took judicial notice of the PFA order and noted it had been duly served. The district court then sentenced Hendrickson to 12 months of probation with an underlying 12-month jail sentence.

2

Hendrickson timely appeals.

ANALYSIS

Hendrickson argues there was insufficient evidence to support his conviction. Specifically, he argues the evidence failed to show that he knowingly violated the PFA order, which is required for conviction of violation of a protective order under K.S.A. 2020 Supp. 21-5924(a)(1).

When the sufficiency of the evidence is challenged in a criminal case, we review "'the evidence in a light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt.'" *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). We do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations. *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018).

We review convictions arising from bench trials and those arising from jury trials using the same standards on appeal. *State v. Kendall*, 300 Kan. 515, 523, 331 P.3d 763 (2014). When the conviction arises from a bench trial, the question on appeal is whether there was sufficient evidence presented at the bench trial for a rational fact-finder to find the defendant guilty beyond a reasonable doubt, not whether the evidence the district court relied on was sufficient for a rational fact-finder to find the defendant guilty beyond a reasonable doubt. See 300 Kan. at 529.

To find Hendrickson guilty of "violation of a protective order" under K.S.A. 2020 Supp. 21-5924(a)(1), the State had to prove Hendrickson knowingly violated a PFA order. See *Chandler*, 307 Kan. at 669 ("The State must prove each element of an offense."). A person acts knowingly when that person is aware of the nature of such

3

person's conduct, aware that the circumstances exist, or aware that such person's conduct is reasonably certain to cause the result. See K.S.A. 2020 Supp. 21-5202(i).

The State may use circumstantial evidence and the logical inferences properly drawn from that evidence to support a conviction. See *Chandler*, 307 Kan. at 669. There is no distinction between direct and circumstantial evidence in terms of probative value. *Kendall*, 300 Kan. at 523. Circumstantial evidence need not rise to a degree of certainty that would exclude every other reasonable conclusion. *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016).

Hendrickson argues the evidence failed to show he knowingly violated the PFA order. In support of this argument, he asserts that (1) he claimed he was unaware of the PFA order and unaware that the PFA order included school property; (2) the district court judge, in determining guilt, did not indicate that he was ever served with the PFA order; and (3) and there was no evidence admitted that proved he was aware of the PFA order.

First, Hendrickson's statements that he did not know about the PFA order and its terms were not evidence. Hendrickson did not testify at the trial, nor were his statements made under oath. The statements cited by Hendrickson in support of this argument were made *after* the verdict was rendered and were directed towards influencing the court's sentence, not its verdict. Under these circumstances, the statements cannot form a proper basis to overturn Hendrickson's conviction. See *State v. Atkisson*, 308 Kan. 919, 930-31, 425 P.3d 334 (2018) (reversing district court's denial of motion for departure sentence because district court improperly considered facts from unsworn victim impact statement and probable cause affidavit, neither of which were offered or admitted into evidence at sentencing hearing).

Even if we consider Hendrickson's posttrial statements as evidence, other evidence before the district court sufficiently supported its verdict. The district court took judicial

notice of the PFA order, which it also noted was duly served on Hendrickson. The clear language of the PFA order prohibited Hendrickson's presence on A.H.'s school grounds. Officer Vaughn's testimony about Hendrickson's statements at the scene also suggest Hendrickson was aware of the consequences of his actions. Hendrickson was present at the hearing when the PFA order was originally issued, and even his own statement, that he "didn't even know that the orders came down to the school," signals his awareness of the existence of the PFA order.

Hendrickson's second claim, that the district court failed to indicate he was served with the PFA order, is not persuasive. The court specifically noted the PFA order was duly served on Hendrickson when rendering its verdict. We can dispose of Hendrickson's third claim just as easily, since service of the PFA order, along with the evidence above, sufficiently support the district court's finding that Hendrickson was aware of the PFA and knowingly violated it. Hendrickson's assertion that his behavior on school premises was not disruptive is similarly unpersuasive, since it is his presence, not his behavior, which is dispositive. The order prohibited Hendrickson from entering his daughter's school premises, period. It did not provide any "good behavior" exceptions to this prohibition.

In reviewing the evidence in the light most favorable to the State, we find sufficient evidence for a rational fact-finder to have found beyond a reasonable doubt that Hendrickson was guilty of violation of a protective order under K.S.A. 2019 Supp. 21-5924(a)(1).

Affirmed.